PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES C. TRIBBLE, | ) |
|         Plaintiff, | ) CASE NO. 4:16cv1256 ) ) |
| v. | ) JUDGE BENITA Y. PEARSON ) |
| MAHONING COUNTY, OHIO, *et al.*, | ) ) **MEMORANDUM OF OPINION AND** |
|         Defendants. | ) **ORDER** [Resolving ECF No. 2] |

*Pro se* Plaintiff James C. Tribble filed this action under 42 U.S.C. § 1983 against Mahoning County, Ohio, the Mahoning County Sheriff's Department, Mahoning County Sheriff Jerry Greene, Mahoning County Commissioners John A. McNally, Anthony T. Trafficanti, and Carol Rimedio-Righetti, and John/Jane Doe Sheriff's Deputies. Plaintiff asserts that he was denied access to the courts while he was a pretrial detainee in the Mahoning County Jail. He seeks monetary relief.

Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 2. That Application is granted. For the reasons that follow, however, the Court dismisses the action.

**I. Background**

Plaintiff does not include many factual allegations in his complaint. He indicates he was a pretrial detainee in the Mahoning County Jail from May 29, 2015 until December 18, 2015, and then from January 13, 2016 until February 2, 2016. ECF No. 1 at PageID #: 3. He was transferred to the Belmont Correctional Institution in February 2016. He was released from

(4:16cv1256)

prison on May 28, 2016, and currently resides in Texas. ECF No. 1 at PageID #: 1–2.

Plaintiff contends that the jail's law library is inadequate. He states University of Akron law students visit jail inmates every other week and provide legal assistance but do not provide inmates with paper, envelopes, postage, or notary services, and do not make photocopies. ECF No. 1 at PageID #: 4. He indicates he was required to purchase these items using money given to him by family and friends. He contends that although he was represented by counsel at his criminal trial, the lack of legal resources prevented him from filing *pro se* motions with the trial court or contacting his attorney. ECF No. 1 at PageID #: 5. He pled guilty to the charges, but lacked resources to file a proper Motion to Withdraw his Guilty Plea, file a civil rights action, or obtain relief from the Supreme Court of Ohio. *Id.* He contends that Defendants are liable to him for maintaining policies and customs that denied him access to the courts.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam), the Court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Id.* at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

When determining whether Plaintiff has stated a claim upon which relief can be granted,

(4:16cv1256)

the Court must construe the complaint in the light most favorable to Plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

### III. Law and Analysis

To state a claim for denial of access to the courts, Plaintiff must allege particular actions of Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which

(4:16cv1256)

a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint. . . ." *Christopher*, 536 U.S. at 415.

Plaintiff's access to the courts claim has two parts. First, he contends the jail's law library is inadequate. Second, he claims the jail does not provide inmates with free paper, envelopes, postage, and photocopies, requiring him to purchase these supplies with money given to him from friends and family. He contends that these two factors hindered his ability to file a proper Motion to Withdraw his Guilty Plea, a civil rights action, or a timely Memorandum in Support of Jurisdiction with the Supreme Court of Ohio.

As an initial matter, neither of these allegations presents an inherent denial of access to the courts. Alleging that the law library is subpar in some theoretical sense does not state a claim for relief particularly when a plaintiff is represented by counsel and has the assistance of law students. *See Lewis*, 518 U.S. at 351–53. Similarly, the First Amendment does not require the County to provide free supplies, postage, and photocopies to all inmates. Plaintiff was not denied access to the courts simply because he was required to purchase supplies using money given to him by family and friends. *Courtemanche v. Gregels*, No. 03-1369, 2003 WL 22435652, at *1 (6th Cir. Oct. 23, 2003).

4

(4:16cv1256)

Furthermore, Plaintiff has not alleged facts suggesting that Defendants prevented him from filing or caused the rejection of a specific claim.  He indicates that Defendants' policies hindered his ability to file a Motion to Withdraw his Guilty Plea, however, Mahoning County Common Pleas Court dockets indicate Plaintiff filed a Motion to Withdraw soon after his sentencing.  That motion is still pending.  *See State of Ohio v. Tribble*, No. 2015 CR 549 (Mahoning Cty Ct. Comm. Pl. motion filed Jan. 27, 2016).  Plaintiff also filed a timely appeal of his conviction and sentence, through counsel, on January 19, 2016 in which he challenged his guilty plea.  That appeal is also pending.  *See State of Ohio v. Tribble*, No. 2016 MA 0009 (Ohio 7 Dist. App. Ct. Appellant Brief, filed Apr. 12, 2016, arguing, *inter alia*, reversible errors occurred during the acceptance of Appellant's guilty plea).  Defendants' policies did not prevent him from filing a Motion to Withdraw his Guilty Plea, nor did they cause the Motion to be denied.

In addition, Plaintiff alleges that he was prevented from filing a civil rights action and an appeal to the Supreme Court of Ohio.  He does not elaborate on the nature of these actions, nor does he allege facts suggesting the claims he intended to assert in these actions.  The right of access to the courts is not unlimited.  Plaintiff must allege facts suggesting his underlying claim was non-frivolous, and that Defendants prevented him from pursuing it or engaged in actions that caused this claim to be rejected.  *Lewis*, 518 U.S. at 353.  Plaintiff's general statement that he intended to file a civil rights or an appeal to the Ohio Supreme Court does not meet the basic pleading requirement to state a claim for denial of access to the courts.  He has not demonstrated that he suffered an actual injury as a result of the Defendants' policies.

(4:16cv1256)

### IV. Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* is granted (ECF No. 2) and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| July 29, 2016 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |